STATE OF MONTANA,
    Plaintiff,

-vs-

EARL MATT, JR.,
    Defendant.

CAUSE NO. DC-13-91

DECISION

On October 17, 2013, the Defendant was sentenced for Driving Under The Influence of Alcohol or Drugs, Fourth or Subsequent Offense, a felony, in violation of Section 61-8-401(1)(a), MCA, committed to Department of Corrections for placement in appropriate correctional facility or program for Thirteen (13) months, if successfully completes residential alcohol treatment program, the remainder of the 13-month sentence must be served on probation; imposition or execution of the 13-month sentence may not be deferred or suspended; not eligible for parole; in addition, sentenced to Three (3) years commitment to DOC with all of that time suspended to run consecutive to the 13- month commitment to the DOC; credit for time served of 65 days; and other terms and conditions given in the Judgment and Commitment on October 17, 2013. *The Defendant was sent to Montana State Prison on January 8, 2014, after the DOC approved an override for quitting the WATCh Program with no intention of going back*

On February 28, 2014, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present and was represented by Ed Sheehy, Jr., Montana Office of Public Defender. Mr. Sheehy appeared by Vision Net from his office in Missoula, Montana, due to severe weather and traveling conditions. The State was not represented.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

The Division heard the Defendant's argument for additional jail credit, specifically for time he may have served while in Salish Kootenai Tribal Court custody. The Defendant is directed to take that concern to the sentencing judge, Judge Christopher, if he believes he is entitled to day-for-day credit for that jail time served. Judge Christopher did recognize the jail time that he served while in State custody for this

offense.

The Division unanimously finds that in light of the presumption that the sentence is correct and based on the evidence in argument and in the record, the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is clearly inadequate or clearly excessive.

Therefore, it is the unanimous decision of the Division that the sentence shall be AFFIRMED.

Done in open Court this 28th day of February, 2014.

DATED this 31st day of March, 2014.

Chairperson, Hon. Brad Newman, Member Hon. Kathy Seeley and Member Hon. Brenda Gilbert.